UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

James K. Moore,
    Petitioner

vs.

Case No. 1:02cv851
(Weber, J.; Hogan, M.J.)

James Erwin,
    Respondent

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at Chillicothe Correctional Institution in Chillicothe, Ohio, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition, respondent's return of writ and petitioner's traverse. (Docs. 1, 6, 7).

### Procedural Background

On September 9, 1996, the prosecutor charged petitioner by way of information with one count of attempted felonious assault as defined in Ohio Rev. Code § 2923.02(A). (Doc. 6, Ex. 1). On that same day, petitioner pled guilty to the charge. (*Id.,* Ex. 2). On December 4, 1996, the Court sentenced petitioner to four years in prison. (*Id.,* Ex. 4).

Petitioner did not file a direct appeal. Instead, on June 6, 1997, he filed a motion for shock probation (Doc. 6, Ex. 5) which he withdrew on July 2, 1997(*id.*, Ex. 6). On October 22, 1997 he also filed a motion for judicial release pursuant to Ohio Rev. Code § 2929.20(D). (*Id.,* Ex. 7). On November 17, 1997, the trial court determined that petitioner was eligible for judicial release and sentenced him to five

years of community control with alcohol and drug treatment, if necessary. (*Id.*, Ex. 8).

More than three years later, petitioner was charged with two counts of trafficking in cocaine as defined in Ohio Rev. Code § 2925.03(A)(1), one count of possession of cocaine as defined in Ohio Rev. Code § 2925.03(A)(2), and one count of permitting drug abuse as defined in Ohio Rev. Code § 2925.13(B). (Doc. 6, Ex. 9). On November 20, 2001, petitioner pled guilty to two counts of trafficking. (*Id.*, Ex. 13). The trial court revoked petitioner's community control supervision and sentenced him to serve his previous four year sentence with credit for time served. (Doc. 6, Ex. 15).

On July 3, 2002, petitioner filed a motion for a speedy trial, arguing that the trial court lacked jurisdiction to convict him, apparently for the reason that a criminal complaint was not issued. (*Id.*, Ex. 13). There has been no ruling by the state trial court on this motion. (Doc. 6 at 5).

The instant petition for a writ of habeas corpus was signed by petitioner on October 2, 2002 and stamped as "filed" on November 14, 2002. (Doc. 1). In his four grounds for relief, petitioner argues that because a criminal complaint was not issued against him the trial court had no jurisdiction to try him, the prosecutor had no authority to prosecute him, he was denied a speedy trial, and is being unlawfully held. (*See id.*).

## OPINION

### The Petition Is Barred From Review By The Statute Of Limitations

Respondent argues that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. (Doc. 6, Brief, pp. 10-12). Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date

2

on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, petitioner's claims for relief involves allegations of error occurring at or before petitioner's conviction. Petitioner neither argues nor alleges facts to suggest that the underlying factual basis of his claims could not have been discovered through the exercise of due diligence before the conclusion of direct review in the Ohio courts. Therefore, it appears petitioner's claims are governed by 28 U.S.C. § 2244(d)(1)(A), which provides that the statute of limitations begins to run from the date on which the challenged judgment became "final" by the conclusion of direct review or the expiration of time for seeking such review. Under 28 U.S.C. § 2244(d)(1)(A), petitioner's conviction became final after the time for filing a timely appeal to the Ohio Court of Appeals had expired. Under Ohio law, petitioner was required to file an appeal as of right to the Ohio Court of Appeals within thirty (30) days from the December 4, 1996 conviction. *See* Ohio R. App. P. 4(A). The period of limitation began to run on the following day. Fed. R. Civ. P. 6 (a);*Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000). Therefore, this Court concludes that the statute of limitations would commence running on January 4, 1997 and end one year later in January of 1998 absent application of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.

During the one-year limitations period commencing January 4, 1997, petitioner was entitled to the benefits of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *Bennett v. Artuz,* 199 F.3d 116, 119 (2nd Cir. 1999), *aff'd,* 531 U.S. 4 (2000); *Gaskins v. Duval,* 183 F.3d 8, 10 (1st Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998) (per curiam); *Gendron v. United States,* 154 F.3d 672, 675 & n.3 (7th Cir. 1998) (per curiam), *cert. denied,* 526 U.S. 1113 (1999); *Hoggro v. Boone,* 150 F.3d 1223, 1226 (10th Cir. 1998); *Lovasz v. Vaughn,* 134 F.3d 146, 148-49 (3rd Cir. 1998); *cf. Morris v. Bell,* 124 F.3d 198 (table), No. 96-5510, 1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997) (unpublished), *cert. denied,* 522 U.S. 1149 (1998). The tolling provision, however, does not "'revive' the

3

limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully expired." *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998); *see also Smith v. McGinnis,* 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000); *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Rashid,* 991 F. Supp. at 259; *cf. Cox v. Angelone,* 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo,* 981 F. Supp. 705, 706-07 (D. Mass. 1997).

Assuming that petitioner's motions for shock probation and judicial release can properly be considered post-conviction relief, tolling the limitations period pursuant to § 2244(d)(2), these motions together tolled the limitations period for under two months. Accordingly, petitioner's petition was due in late February 1998. Petitioner's motion for a speedy trial does not toll the limitations period because it was filed in 2002, after the statute of limitations had expired. Petitioner's filing of his federal petition on October 2, 2002[1] was therefore over four years late.

The statute of limitations may be equitably tolled in limited circumstances. *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.), *cert. denied,* 534 U.S. 1057 (2001); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988). In determining whether the statute of limitations should be equitably tolled, the court must consider the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

---

[1] Under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See, e.g., Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999); *Nichols v. Bowersox,* 172 F.3d 1068, 1077 (8th Cir. 1999); *Spotville v. Cain,* 149 F.3d 374, 376-77 (5th Cir. 1998); *Burns v. Morton,* 134 F.3d 109, 112-13 (3rd Cir. 1998); *see also In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). The earliest date that petitioner could have provided the petition to prison authorities is the date that he executed his petition. Accordingly, absent evidence to the contrary, this date, October 2, 2002, is considered the "filing" date.

4

*Dunlap,* 250 F.3d at 1008 (citing *Andrews,* 851 F.2d at 151). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

Petitioner does not argue that he is entitled to equitable tolling and has made no attempt to apply the five equitable tolling factors to the instant habeas petition. Petitioner does not argue and there is no evidence in the record to suggest that he was ignorant, or lacked notice or constructive knowledge, of the one-year filing requirement for federal habeas corpus petitions. In addition, petitioner has failed to demonstrate that he acted with due diligence in pursuing his federal remedy. Therefore, equitable tolling is inappropriate in this case.

Accordingly, in sum, the Court concludes that the instant petition is barred from review by the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED with prejudice.

2. A certificate of appealability should not issue with respect to petitioner's ground for relief alleged in the petition, which this Court has concluded is barred from review on statute of limitations grounds, because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural ruling" under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000).[2]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of

---

[2]Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim for relief in his habeas petition. *See Slack,* 529 U.S. at 484.

5

any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 4/6/05

hr

Timothy S. Hogan
United States Magistrate Judge

J:\ROSENBEH\2254(2005)\02-851sol.wpd

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

James K. Moore,
    Petitioner

vs.                              Case No. 1:02cv851
                                  (Weber, J.; Hogan, M.J.)

James Erwin,
    Respondent

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).